BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6824
    FAX: (415) 436-7027
    Scott. Joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROYAL HOLYFIELD,<br><br>    Defendant. | NO. CR 15-00444-3 CRB<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Sentencing Date: October 12, 2016<br>Time: 10:00 a.m.<br>Judge: Hon. Charles R. Breyer |

## I. INTRODUCTION

The defendant, Royal Holyfield, stands before the Court to be sentenced following his guilty plea to a lesser-included-offense of Count Four, possession with intent to distribute and distribution of at least five grams of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1). The parties entered into a binding plea agreement pursuant to Rule 11(c)(1)(C) which allows the defendant to avoid a mandatory minimum sentence of ten years in prison. As part of that agreement the parties agreed that a reasonable and appropriate disposition of the case would be a custodial sentence within the range established by the applicable guidelines, four years' supervised release, and the search condition described below. Pursuant to that agreement, the defendant and the government both recommend that he be sentenced to a low-end sentence of 100 months in custody.

UNITED STATES' SENTENCING MEMORANDUM
CR 15-444-3 CRB

## II. OFFENSE CONDUCT (PSR ¶¶ 7-14)

The defendant sold methamphetamine to an ATF confidential informant (CI) on March 18, 2015. The transaction was arranged by co-defendant Kevin Kelley. After exchanging phone calls and text messages with Kelley, the CI and Kelley met on Market Street. Kelley then led the CI to Holyfield. After being introduced to Holyfield, the CI handed him $1,000 in exchange for a plastic bag containing crystal methamphetamine. The transaction was audio and video recorded. Lab tests later confirmed the substance had a net weight of 55.6 grams, and contained 54.5 grams of "pure" methamphetamine.

## III. SENTENCING GUIDELINES CALCLATIONS

The government agrees that defendant's criminal history scores him 9 criminal history points, resulting in Criminal History Category IV. The government also concurs with the PSR's Guidelines calculations:

Count Four (Lesser Included Offense)

| | | |
|---|---|---:|
| a. | Base Offense Level, § 2D1.1 (a)(5), (c)(5): | 30 |
| b. | Acceptance of Responsibility, U.S.S.G. § 3E1.1: | -3 |
| c. | Adjusted Offense Level: | 27 |

## DISCUSSION

### A. Applicable Law

Section 3553(a) directs courts to consider a number of factors in determining an appropriate sentence. In this case, these factors indicate that a total sentence of 97 months and a day is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The key factors are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant *id.* § 3553(a)(2)(C).

Although the Supreme Court's decision in *Booker* has rendered the Sentencing Guidelines advisory, the Guidelines still remain the "starting point and initial bench-mark" for sentencing. *Kimbrough v. United States*, 552 U.S. 85, 108, (2007) (internal quotation marks and citation omitted);

*see Carty*, 520 F.3d at 991 (en banc); *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011). While there is no presumption of reasonableness for a Guidelines range sentence, if a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Carty*, 520 F.3d at 991-992 (citing *Gall v. United States*, 552 U.S. 38, 50, (2007)); *see also United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) ("district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence."). As the Supreme Court recognized in *Gall*, "a major departure should be supported by a more significant justification than a minor one." 552 U.S. at 50. Finally, "[a]s a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing." *United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008); *see, e.g.*, *United States v. Treadwell*, 593 F.3d 990, 1001 (9th Cir. 2010).

**B. Sentencing the Defendant to 100 Months Would Vindicate the Interests Set Forth in 18 U.S.C. § 3553(a) and is a Reasonable and Appropriate Disposition of the Case.**

The government agrees with the defendant that an appropriate sentence in this case would be a term of imprisonment of 100 months. Such a sentence would be sufficient but not greater than necessary to achieve the goals of sentencing. There are several considerations that support this recommendation. Chief among them are the defendant's persistent criminal history and the danger his conduct poses to others.

As noted in the PSR, the defendant had a difficult childhood. He is now thirty-seven years old, however, and despite multiple encounters with the criminal justice system from a young age (and opportunities to reform) the defendant's criminal conduct has continued unabated and undeterred by numerous arrests, convictions, and periods of incarceration. Since he turned 18 in 1997 (in addition to prior juvenile convictions), the defendant has accumulated at least seven criminal convictions, including four convictions (two of them felonies) in the five years immediately preceding the instant offense. In the same time frame, he was arrested 20 times – more than half of those arrests occurred after the age of 30. (PSR ¶¶ 30-62.) Notably, in addition to a number of narcotics-related arrests and convictions, the defendant's criminal history includes multiple convictions and arrests for conduct involving brutal

episodes of physical violence. (*See, e.g., id.* ¶¶ 38, 39, 48, 51, 52.)

The defendant's criminal history supports the jointly-recommended sentence of 100 months' in custody. Such a sentence would be sufficient but not greater than necessary to impress upon the defendant the need to refrain from future criminality, rehabilitate himself, and protect the public. For the same reasons, the government recommends that the Court impose a four-year term of supervised release with a special search condition as recommended in the PSR:

> The defendant shall submit his person, residence, office, vehicle, and any property under his control, including any computers, cell phones, and other electronic devices to a search. Such searches shall be conducted by a United States Probation Officer or a federal, state, or local law enforcement officer at any time with or without suspicion.

Given the defendant's persistent criminality and his demonstrated unwillingness and/or inability to comply with the law and court orders, the requested search condition is needed to serve the interests of deterrence and rehabilitation.

## IV. CONCLUSION

In full consideration of the defendant's history and characteristics together with the goals of sentencing, the government respectfully requests that the Court sentence the defendant to 100 months in custody and a mandatory special assessment of $100. The custodial term should be followed by four years of supervised release and the search condition described above.

DATED: October 11, 2016

BRIAN J. STRETCH
United States Attorney

By: \_\_\_\_\_/s/\_\_\_\_\_
SCOTT D. JOINER
Assistant United States Attorney